I concur separately regarding the conclusion the majority reaches on Claim 17 of appellant's request for post conviction relief. Appellant alleges that it was not disclosed to defense counsel that a witness' memory was refreshed by hypnosis. Appellant alleges that this fact was discovered when information was obtained through a request for public records pursuant to R.C. 149.43. The majority concludes that, under State ex rel. Steckman v. Jackson (1994),70 Ohio St.3d 420, this information cannot be used to support a petition for post-conviction relief. I disagree with that analysis and would find that that information can be used to support a petition for post-conviction relief. I would find that the prosecutor, pursuant to Crim.R. 16(B)(1)(f), should have disclosed to defense counsel the fact that a witness' memory had been refreshed by hypnosis. The fact that appellant discovers this violation of Crim.R. 16 through the use of R.C. 149.43 does not prevent its usage in a petition for post-conviction relief. Notwithstanding my analysis above, I concur with the conclusion reached by the majority that, "given the vague description of the parties" provided in the witness' testimony, there was no prejudice to the appellant by this testimony at trial.
 _____________________ FARMER, J.